UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14044-BLOOM

DAVID C. STINSON,

    Plaintiff,

v.

SHERIFF DERRY LOAR, *et al.*,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff David C. Stinson's Complaint pursuant to 42 U.S.C. § 1983, ECF No. [1], and his Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [3]. For reasons set forth below, the Application to Proceed in District Court without Prepaying Fees or Costs is granted, and the Complaint is dismissed without prejudice.

### I. DISCUSSION

#### a. Application to proceed *In Forma Pauperis*

Civil complaints filed by prisoners seeking in forma pauperis status under 28 U.S.C. § 1915 are subject to the provisions of the Prison Litigation Reform Act ("PLRA"). In order to promote the speedy, just and efficient administration of civil rights complaints subject to the PLRA, the court has established forms to be used by prisoners for filing civil rights actions. The court-approved forms consist of (1) a cover sheet, (2) a complaint, (3) an application to proceed in forma pauperis, and (4) an authorization form. The authorization form, when completed by the plaintiff, directs the agency holding the plaintiff in custody to forward to the clerk of court a certified copy of the plaintiff's institutional trust fund account and to disburse from the plaintiff's

account the full statutory filing fee in amounts specified by 28 U.S.C. § 1915(b). Properly completing and filing the authorization form satisfies the plaintiff's obligation under 28 U.S.C. § 1915(a)(2) to submit a certified copy of the plaintiff's trust fund account with the complaint.

Although the Application is technically deficient because the Petitioner's inmate account statement is not certified by the corrections officer having control over such account, it is apparent he seeks pauper status.

Plaintiff must make an initial payment of "20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). In addition to the initial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). This filing fee will be collected even if the Court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is incarcerated at the Okaloosa Correctional Institution and submitted his inmate account statement from August 25, 2020 through January 14, 2021. Based on the documents Plaintiff submitted, the average balance in his account during the six-month preceding the filing of this action was $0.00, and the average deposit was $0.00.

Plaintiff is entitled to proceed *in forma pauperis*. Plaintiff has filed documentation to establish that he cannot pay even the partial filing fee. "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial filing fee." 28 U.S.C. § 1915(b)(4).

    b. **Plaintiff's Complaint**

In the Complaint, Plaintiff names as Defendants: Indian River County Sheriff's Officers,

Deputy Bud Spencer, Deputy Chris Rodriguez, and Sheriff Dery Loar; Assistant State Attorney, Chris Jacobs; and Plaintiff's appointed trial counsel, David Lamos. ECF No. [1] at 2-3. Plaintiff alleges that his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Articles One, Nine, and Sixteen under the Florida Constitution were violated on February 6, 2003 and February 4 and 5, 2005. *Id.* at 3. Plaintiff alleges only that "the detective committed perjured [sic] and fraud on the courts of racial and social economic discrimination." *Id.*

## II..   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact." (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002))).

Under section 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (quotation marks omitted) (citation omitted) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)). Moreover, a district court "should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**III**. **DISCUSSION**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at

602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff's sole allegation supporting that section 1983 claim, that "the detective" committed perjury and fraud, is vague and conclusory. ECF No. [1] at 3. To survive screening, Plaintiff must allege a nonconclusory claim showing he is entitled to relief. *See Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. Plaintiff's three-sentence complaint fails to allege any facts. Plaintiff does not identify who the detective is, when and where he committed fraud and perjury, or how that fraud and perjury amounted to a deprivation of a constitutional right. Construed liberally, Plaintiff fails to state sufficient facts upon which relief can be granted.

Moreover, to the extent that Plaintiff challenges events that occurred February 6, 2003 and February 4 and 5, 2005, this action is subject to dismissal based on the expiration of the statute of limitations. Plaintiff filed this action on January 20, 2021. ECF No. [1] at 5.[1]

Statute of limitations exist "to prevent the litigation of stale claims—claims as to which defense may be hampered because of passage of time, lost evidence, faded memories, or disappearing witnesses[.]" *Justice v. United States*, 6 F.3d 1474, 1482 (11th Cir. 1993). Where the "allegations [of the Complaint], on their face, show that an affirmative defense bars recovery on the claim," dismissal is appropriate under Rule 12(b)(6). *Cotton v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). *See also* Fed. R. App. 4(c)(1). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

While section 1983 does not explicitly state the statute of limitations period for presenting actions under the statute, courts have determined that the statute of limitations period for section 1983 claims is the same as the statute of limitations for personal injury claims in the state in which the events occurred. *See Owens v. Okure*, 488 U.S. 235, 240-41 (1989). In that regard, the Eleventh Circuit Court of Appeals has "held that the **four-year** statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida." *Ellison v. Lester*, 275 F. App'x 900, 901-02 (11th Cir. 2008) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).

Here, the claim accrued more than four years prior to institution of the instant lawsuit. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts that would avoid a statute of limitations bar." *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quotation marks omitted) (citation omitted).

Although state law determines the limitation, federal law determines when the limitations beings. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). As explained in *Sneed v. Pan Am Hosp.*, 370 F. App'x 47, 49 (11th Cir. 2010), the limitation period begins when a person should know that they have an injury. For a section 1983 action, the statute begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quotation marks omitted). By Plaintiff's own admission, the incidents complained of accrued either February 6, 2003 or February 4 and 5, 2005. ECF No. [1] at 3.

Nevertheless, under federal law, circumstances may equitably toll a limitations period. *See Bost v. Fed'l Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). "Equitable tolling is

appropriate when a [plaintiff] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1252, 1261 (11th Cir. 2006) (quotation marks omitted).

Similarly, Florida law allows for equitable tolling of a statute of limitations when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum. *See Williams v. Albertson's, Inc.*, 879 So.2d 657, 659 (Fla. 2004). Due diligence, though necessary, is not sufficient to prevail on the issue of equitable tolling. *Justice*, 6 F.3d at 1479. The plaintiff, however, bears the burden of showing that equitable tolling is warranted. *See Bost*, 372 F.3d at 1242. Plaintiff must show extraordinary circumstances that were beyond his control. *See Moore v. Chamberlain*, 559 F. App'x 969 (11th Cir. 2014) (quotation marks omitted) (citations omitted).

Plaintiff has not alleged that he is entitled to equitable tolling. He has not pointed to any evidence of extraordinary circumstances out of his control that prevented him from filing the instant complaint within four years of the latest date he alleged injury occurred, February 5, 2005. The allegations, even construed most favorably to the Plaintiff, do not warrant equitable tolling. Because the limitations period likely began in 2005 and this action was not filed within four years, it is not timely filed.

### IV. CONCLUSION

Plaintiff's allegations fail to state a viable section 1983 claim against the named Defendants warranting dismissal of the entire Complaint.

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, **ECF No. [3]**, is **GRANTED** to the extent that the plaintiff need not prepay even a partial filing fee in this case or cost for service of process.

2. Plaintiff owes the United States a debt of $350.00 which must be paid to the Clerk of the Court as funds become available.

3. The jail/prison having custody of the Plaintiff must make payments from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the full filing fee of $350.00 is paid.

4. Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

David C. Stinson, *Pro Se*
#570726
Okaloosa Correctional Institution
Inmate Mail/Parcels
3189 Colonel Greg Malloy Road
Crestview, FL 32539

Warden,
Okaloosa Correctional Institution
Inmate Mail/Parcels
3189 Colonel Greg Malloy Road
Crestview, FL 32539

Financial Department,
United States District Court, Southern District of Florida